TRELLES ET AL., PETITIONERS, v. ROSSY, DISTRICT JUDGE,
RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of San Juan, Section 2, in an Action for Divorce and Liquidation of Conjugal Property.

No. 139.—Decided March 31, 1915.

ADMINISTRATION—INTERVENTION—DISCRETION OF COURT.—The question whether persons claiming interest in property under administration. by a district court should be allowed to intervene is a matter for the sound discretion of the court.

ID.—DIVORCE—COMMUNITY PROPERTY—PRIVATE PROPERTY.—When in an action for divorce the judicial administrator named by the court to liquidate the conjugal partnership takes possession of the private property of one of the spouses or of other persons holding an apparent title and the prejudiced parties petition that such property be excluded from the inventory and possession of the judicial administrator, the court should consider the petition, grant a full hearing, take -proof and decide the conflict between the parties on these points, but it cannot decide the question of right of ownership which should be litigated in the proper action.

The facts are stated in the opinion.

*Messrs. Eduardo Acuña, Luis Abella Blanco* and *Augusto Malaret* for the petitioners.

The respondent appeared by brief *pro se.*

*Mr.`Herminio Díaz* for the intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

María Ríos Méndez began a suit against Vicente Trelles Oliva for divorce and liquidation of the conjugal partnership. The suit was No. 184 and a judgment for divorce was rendered in her favor.

In the divorce suit the husband did not appear to defend and no question was raised whether the two actions could be joined. The judgment in divorce having been rendered on June 11, 1914, on July 24, 1914, the said complainant, María Ríos, filed a motion in the District Court of San Juan for the liquidation of the conjugal society and for the naming of a judicial administrator, and on July 29, 1914, the court named Pablo Gonce as judicial administrator, and

his duties were to make an inventory of all the property of María Ríos and Vicente Trelles Oliva belonging to their conjugal partnership, to take possession of such property and to continue the administration under the direction of the District Court of San Juan, Section 2. As may be noted, the administrator was to make an inventory of the matrimonial property of Trelles-Ríos and to take possession of it.

The judicial administrator, Pablo Gonce, obtained an order from the District Court of San Juan to take possession of three city properties and an agricultural one, all in the jurisdiction of Mayagüez, and another city property and another agricultural one in the municipality of Cabo Rojo. This order was issued to the marshal of the district of Mayagüez, who put the judicial administrator in possession of these properties, notifying the husband. Among these properties was a piece of land which, the husband maintained, belonged to him as his separate property and there was some other land which Eduardo Alvarez Ríos maintained that he had acquired by purchase from the husband, and there was still some other land which Pedro F. Colberg maintained that he acquired in the same manner from the husband. Alvarez Ríos and Pedro F. Colberg, alleging that they were purchasers from the husband, presented a petition to the District Court of San Juan for permission to intervene in the suit, namely, suit No. 184, and they also alleged that the property acquired by them by purchase from the husband had been the separate property of such husband. The object of the petition was that their property might be eliminated from the inventory and possession of the judicial administrator.

Likewise, Trelles, the husband, filed a separate petition to the district court that his separate piece of property be eliminated. On January 14, 1915, in one joint order, the District Court of San Juan denied both petitions, saying that as the property had been taken possession of by the judicial administrator named by the court, it did not appear to such court that the proceeding begun by the petitioners was

the adequate one to obtain the relief desired and that the petitioners ought to exercise their rights in the form prescribed by law, thus giving the complainant, María Ríos, an opportunity to discuss her rights.  Subsequently, namely, on January 27, 1915, Vicente Trelles Oliva, Eduardo Alvarez Ríos and Pedro F. Colberg presented a joint petition of *certiorari* to this court asking that the order of the district court of January 14, 1915, be annulled, with consequences favorable to the original separate character of the property of the husband.

The judge of the district court answered the writ issued by this court, setting up that the property alleged to be conveyed to Alvarez Ríos and to Colberg, although perhaps initially separate properties, had conjugal characteristics fastened upon it by reason of payments and the like.  The judge also pointed out that the sales were made after the divorce suit was filed, and the court further drew our attention to the fact that since the date of the petition in *certiorari* the complainant, María Ríos, had filed a complaint to annul the sales to Alvarez Ríos and Colberg.  This complaint appears in the record and is entitled in the same cause, namely, No. 184.

María Ríos, through her attorney, appeared in this court and opposed the granting of the petition.  The question whether persons claiming interest in a fund or estate under administration by the court should be allowed to intervene is a matter of sound judicial discretion which, we think, has been abused in this case.  We think that the right of the court in this proceeding to order the judicial administrator to take possession of the alleged property of the husband without citing him to appear was extremely dubious.  It was also extremely doubtful whether the judicial administrator had a right to take possession of the alleged property of Alvarez Ríos and Colberg.  The court said that the property alleged to belong to Alvarez Ríos and Colberg was transferred pending the divorce suit, but no presumption of fraud arises

by the mere transfer. They were the owners of the property, to all intents and purposes, and had a right to continue their ownership against all the world except the person claiming and showing a better right. They were entitled to be heard in a court of justice. Therefore, when, without notice to any of the petitioners, the judicial administrator was allowed to take possession of property claimed by them, their petition to be allowed to intervene in the suit in which they had been deprived of the possession of property without a judicial proceeding was one that the district court should have entertained. The court could grant a full hearing, take proofs and decide the conflict between the parties whether such property should be excluded from the inventory and the possession of the administrator. It is not our intention to maintain that at such a hearing the right and title which the petitioners, Trelles Oliva, Alvarez Ríos and Pedro F. Colberg, claim should be decided. We do, however, hold that if the petitioners possess the lands they claim under an apparent title, they may not be disturbed in such possession, to say nothing of being despoiled thereof without a trial. They should not be complainants but defendants. This idea the complainant, María Ríos Méndez, herself understood, inasmuch as she has filed an independent action in suit No. 184 asking that the transfers to Colberg and Alvarez Ríos be annulled.

We think that the court is in position to decide the questions raised by this petition and to decide them according to the principles set forth.

The order of January 14, 1915, should be annulled.

> *Writ sustained and order of the District Court of San Juan, Section 2, of January 14, 1915, annulled.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.